# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS A. WOOD and MELISSA WOOD, | : | No. 4:16-CV-01923 |
| | : | |
| | : | (Judge Brann) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TROOPER PRESTYN K. SHOWERS and TROOPER TIMOTHY M. WESESKY, | : | |
| | : | |
| Defendants, | : | |

## <u>ORDER</u>

### JUNE 8, 2017

**FINDINGS:**

1. This is a civil rights action brought pursuant to both 42 U.S.C. §1983 and state law by Plaintiffs Thomas A. Wood and his wife, Melissa Wood, against Pennsylvania State Police Troopers Prestyn K. Showers and Timothy M. Wesesky. Compl. ECF No. 1 at 2–3.

2. Plaintiffs' claims arise out of an alleged use of force on, and the subsequent issuance of a citation for disorderly conduct to, Mr. Wood. *Id.* at 3–10.

3. On September 20, 2016, Plaintiffs filed a six-count Complaint that contained the following claims:

a. Count I: Excessive Force and Physical Brutality (42 U.S.C. § 1983)

b. Count II: False Arrest (42 U.S.C. § 1983 and State Law)

c. Count III: Assault and Battery (State Law)[1]

d. Count IV: Intentional Infliction of Emotional Distress (State Law)

e. Count V: Malicious Prosecution (State Law)

f. Count VI: State Constitutional Violations (State Law)

4. On December 22, 2016, Defendants filed a Motion to Dismiss the state law false arrest claim asserted in Count 2, as well as Counts 3 through 6 of Plaintiffs' Complaint, in addition to all claims raised by Mrs. Wood. ECF No. 6 at 1.

5. On April 26, 2017, Plaintiffs concurred in the dismissal of the state law claims in Counts 2 through 6 of the Complaint due to Pennsylvania's sovereign immunity doctrine. ECF No. 11 at 1. However, counsel for Plaintiffs noted that "Mrs. Wood has standing to assert her own § 1983 claim(s) in Counts 1 and 2, and those claims should not be dismissed." *Id.* at 4.

---

[1] Although the Complaint technically indicates that Count III (assault and battery) was also brought pursuant to federal law, this Court will presume, as the parties' briefing indicates, that the assault and battery claims alleged in this Count are purely state law claims and that any equivalent federal remedy is nevertheless fully captured by Count I's excessive force claim pursuant to 42 U.S.C. § 1983.

6. Thereafter, on May 10, 2017, counsel for Defendants agreed to "withdrawal of the portion of their motion to dismiss regarding the claims raised pursuant to 42 U.S.C. §1983 by Melissa Wood . . . in Counts 1 and 2 of the complaint." ECF No. 12 at 1. Defense counsel noted that "only the claims asserted under 42 U.S.C. §1983 in Counts 1 and 2 by both Plaintiffs should proceed." *Id.* at 2.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss, ECF No. 6, is **GRANTED IN PART AND DENIED IN PART**, in accordance with the parties' stipulations, as follows:

    a. The Motion is **GRANTED WITH PREJUDICE** as to Counts Three through Six.

    b. The Motion is **GRANTED WITH PREJUDICE** as to the state law claim advanced in Count Two.

    c. The Motion is **DENIED** as to the federal claims advanced by Mrs. Wood in Counts One and Two.

2. Accordingly, and because the Motion did not request dismissal of any claims advanced by Mr. Wood, the case will proceed on all federal

claims asserted pursuant to 42 U.S.C. §1983 in Counts One and Two by both Plaintiffs.

3. The Clerk of Court is directed to schedule an initial case management conference and docket this Order as a "written opinion," pursuant to the E-Government Act of 2002.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge